

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**November 27, 2018 15:45**

By: L. BRYAN CARR 0066649

Confirmation Nbr. 1560060

THOMAS J. CALVEY

    vs.

VILLAGE OF WALTON HILLS, ET AL.

CV 18 907516

**Judge:** MICHAEL E. JACKSON

Pages Filed: 6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

THOMAS J. CALVEY ) CASE NO:
c/o L. Bryan Carr, Esq. )
1392 SOM Center Road )
Mayfield Heights, Ohio 44124 ) JUDGE:
)
    Plaintiff, )
)
    vs. )
)
THE VILLAGE OF WALTON HILLS )
c/o Mayor Donald Kolograf )
7595 Walton Road )
Walton Hills, Ohio 44146 ) **COMPLAINT**
)
    and ) *Jury Demand Endorsed Hereon*
)
THE VILLAGE OF WALTON HILLS )
POLICE DEPARTMENT )
c/o Chief, Stanley Jaworski )
7595 Walton Road )
Walton Hills, Ohio 44146 )
)
    and )
)
SARGENT DAVID KWIATKOWSKI )
c/o Village of Walton Hills Police Department )
7595 Walton Road )
Walton Hills, Ohio 44146 )
)
    Defendants. )

      Now comes the Plaintiff, THOMAS CALVEY, by and through his duly authorized

counsel, L. Bryan Carr, and for his complaint against the Defendants, states:

## PARTIES

1.     Plaintiff, Thomas J. Calvey, is a resident of Walton Hills, Ohio.

2.     Defendant, Village of Walton Hills ("Walton Hills") is a municipal corporation.

3.      Defendant Walton Hills Police Department is the law enforcement agency acting on behalf of the Village of Walton Hills.

4.      Defendant David Kwiatkowski ("Kwiatkowski") is an Officer/Sargent with the Walton Hills Police Department, who is being sued in his individual and official capacities.

5.      All acts giving rise to this Complaint occurred in Cuyahoga County, Ohio.

6.      At all times relevant, Plaintiff was the legal owner of 18749 Alexander Road, Walton Hills, Ohio ("the Property").

7.      At all times relevant, Plaintiff was residing at the Property with his mother (Leona Calvey) and brother (James Calvey).

8.      On June 6, 2018 the Plaintiff was assaulted by James Calvey. As a result of this assault, the Defendants arrived at the Property, arrested James Calvey and issued a Temporary Protection Order restraining James Calvey from the Plaintiff and the Property.

9.      Defendant Kwiatkowski was present at the Property on June 6, 2018, was the Reviewing Supervisor, prepared an Investigative Report and made the decision to charge James Calvey with Domestic Violence.

10.     On or about June 8, 2018, the Defendants charged James Calvey with Domestic Violence in the Garfield Heights Municipal Court.

11.     On or about June 21, 2018, James Calvey entered a plea of "no contest" to a charge of Attempted Assault (a Misdemeanor of the Second Degree).

12.     On or about June 21, 2018, the Temporary Protection Order issued by Defendants (against James Calvey) terminated.

13.     On June 22, 2018 the Plaintiff obtained a Domestic Violence Civil Protection Order (DVCPO) against James Calvey from the Cuyahoga County Domestic Relations Court.

This DVCPO granted Plaintiff exclusive use and possession of the Property. (Case No. DV-18-372490)

14.     On or about June 22, the Defendants were served with a copy of this DVCPO.

15.     On or about July 16, 2018, Leona Calvey fabricated a claim of domestic violence and filed a Petition for DVCPO against the Plaintiff.

16.     On July 16, 2018, the Cuyahoga County Domestic Relations Court refused to issue a DVCPO against the Plaintiff, instead ordering Plaintiff and his mother to reside together in the Property. Defendants were aware of this.

17.     On July 28, 2018, Leona Calvey called the Walton Hills Police Department claiming Plaintiff was yelling at her. When warned by the Walton Hills Police Department dispatcher that she could be arrested for making false claims, Leona Calvey admitted that she lied and that Plaintiff was not acting inappropriately.

18.     On July 29, 2018, Leona Calvey called the Walton Hills Police Department again claiming Plaintiff was yelling at her. Defendant Kwiatkowski arrived on scene and, and without any authority (and in violation of the existing DVSPO) forcibly removed the Plaintiff from his Property and told him not to return or he would be arrested.

19.     Defendant Kwiatkowski simply dumped Plaintiff approximately ten (10) miles away from his home; at a LaQuinta Inn & Suites in Macedonia. When Plaintiff asked who would be paying the hotel bill, Kwiatkowski responded: "Have a nice life" and drove away.

20.     Plaintiff was never charged by Defendants; nor did the Defendants ever issue a Temporary Protection Order against Plaintiff as a result of Leona Calvey's July 29, 2018 call.

## COUNT ONE
### Violation of Civil Rights – 42 U.S.C. 1983
### Deprivation of Right to Substantive and Procedural Due Process

21.    Plaintiff incorporates the allegations set forth in Paragraphs 1 through 20 above, as if fully rewritten herein.

22.    Defendants, at all times relevant, are state actors who acted under color of law.

23.    Defendants acted under color of law to deprive the Plaintiff of his civil rights namely, his rights to procedural and substantive due process of law, which are guaranteed to him and secured under the Ohio and United States Constitutions.

WHEREFORE, Plaintiff prays for Judgment against Defendants, jointly and severally, for: 1) Compensatory Damages; 2) Punitive Damages; 3) Plaintiff's costs in having to prosecute this action, including reasonable Attorney Fees pursuant to 41 U.S.C. 1988; 4) Other litigation costs; and 5) any other such relief as this Honorable Court may deem appropriate.

## COUNT TWO
### Violation of Civil Rights – 42 U.S.C. 1983
### Deprivation of Right to Liberty, Safety, Property and Privacy

24.    The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 23 above, as if fully rewritten herein.

25.    Defendants, at all times relevant, are state actors who acted under color of law.

26.    Defendants acted under color of law to deprive the Plaintiff of his civil rights, namely, his right to liberty, safety, property, privacy and welfare, which rights are guaranteed to him and secured under the Ohio and United States Constitutions.

WHEREFORE, Plaintiff prays for Judgment against Defendants, jointly and severally, for: 1) Compensatory Damages; 2) Punitive Damages; 3) Plaintiff's costs in having to prosecute

this action, including reasonable Attorney Fees pursuant to 41 U.S.C. 1988; 4) Other litigation

costs; and 5) any other such relief as this Honorable Court may deem appropriate.

**COUNT THREE**
**Intentional Infliction of Emotional Distress**

27.     The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 26

above, as if fully rewritten herein.

28.     By acting in the aforementioned manner, the Defendants intended to cause the

Plaintiff serious emotional distress, or they knew or should have known that their actions would

result in serious emotional distress to the Plaintiff.

29.     Defendants' conduct was extreme and outrageous, as it went beyond all possible

bounds of decency and can be considered as utterly intolerable in a civilized community.

30.     The aforementioned conduct of the Defendants was the proximate cause of the

Plaintiff's emotional distress. The mental anguish suffered by the Plaintiff is serious and of such

a nature that no reasonable person could endure it.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and

severally, for: 1) Compensatory Damages; 2) Punitive Damages; 3) Plaintiff's costs in having to

prosecute this action, including reasonable Attorney Fees pursuant to 41 U.S.C. 1988; 4) Other

litigation costs; and 5) any other such relief as this Honorable Court may deem appropriate.

Respectfully submitted,

*/s/ L. Bryan Carr*
L. BRYAN CARR (0066649)
1392 SOM Center road
Mayfield Heights, Ohio 44124
(440) 473-2277 – phone
(440) 473-0166 – facsimile
carrlawfirm@aol.com
Attorney for the Plaintiff